DECISION.
Defendant-appellant Marvin Vaughn appeals from the judgment of the Hamilton County Court of Common Pleas denying his motion to dismiss the criminal charges against him after the court had determined that he was incompetent to stand trial. For the following reasons, we reverse that judgment and remand for further proceedings consistent with the law.
On March 8, 1999, Vaughn was indicted on two counts of felonious assault in violation of R.C. 2923.11(A)(1) and (2), with two accompanying gun specifications. The record indicates that Vaughn had shot Ralph Taylor in the face with a handgun. Vaughn entered a written plea of not guilty, but on May 28, 1999, Vaughn's trial counsel moved to have Vaughn examined to determine whether he was competent to stand trial. The trial court ordered a psychiatric examination pursuant to R.C. 2945.38. Based on that examination, the trial court, on July 7, 1999, found that Vaughn was incompetent to stand trial and ordered him to undergo treatment for one year in an attempt to restore him to competency. Another hearing was set for January 7, 2000.
On January 7, 2000, the trial court again determined that Vaughn was incompetent to stand trial and ordered continued psychiatric treatment until the one-year period was complete. On July 3, 2000, the medical facility treating Vaughn recommended that treatment be terminated, as the one-year period for the restoration of his competency was expiring. The trial court ordered the facility to expand upon its report, addressing factors set forth in R.C. 2945.38, 2945.39 and 2945.401. The court scheduled another hearing for June 29, 2000, but it was continued to August 18, 2000.
On August 18, 2000, after a hearing to determine whether Vaughn was competent to stand trial after the one-year treatment period, the trial court found that Vaughn was then incompetent.[1] Pursuant to R.C.2945.39, the trial court then found, by clear and convincing evidence, that Vaughn had committed the underlying offenses and that he was mentally ill and subject to hospitalization. Based on those findings, the trial court determined that it would retain jurisdiction over Vaughn for the next eight years, the maximum sentence that Vaughn could have served for felonious assault if he had been convicted, and ordered Vaughn committed to a psychiatric care center.
On February 20, 2001, at the first statutorily required review[2] of Vaughn's mental status, Vaughn orally moved to dismiss the charges against him and to transfer the case to the probate court for civil commitment proceedings. The trial court requested that Vaughn file a written motion. Vaughn filed that motion on March 13, 2001, again requesting that the court dismiss the charges against him because the court had previously determined that he was "incompetent to stand trial-non-restorable." Vaughn reasoned that his continued commitment to a psychiatric institution for the purpose of restoring his competency, after it had been determined that he was "non-restorable," was proscribed byState v. Sullivan.[3] The trial court overruled the motion, and this timely appeal followed.
In a single assignment of error, Vaughn contends that the trial court erred in overruling his motion to dismiss the charges. We agree.
R.C. 2945.38 governs the disposition of a defendant after he is found incompetent to stand trial. In State v. Sullivan, the Ohio Supreme Court held that R.C. 2945.38, as amended by Am.Sub.S.B. No. 285, was unconstitutional. The court noted,
 [P]rior to July 1, 1997, the effective date of S.B. 285, R.C. 2945.38(B) provided that * * * if the court found that there was not a substantial probability that the defendant would become competent to stand trial within one year, the court could not impose treatment on the defendant. Rather the court was required to dismiss the indictment against such a defendant, but at its discretion, could cause an affidavit to be filed in the probate court alleging that the defendant was mentally ill or mentally retarded person subject to institutionalization by court order * * *.
* * *
 The S.B. 285 amendments to R.C. 2945.38 removed the requirement that a court, before ordering treatment, find that there was a substantial probability that the incompetent defendant could attain competency within one year * * *.[4]
 The Sullivan court concluded that the removal of the requirement for a finding that a defendant could attain competency to stand trial within one year infringed upon due process, because the "assurance that the nature and duration of treatment are related to its purpose of restoring the defendant's competency" was eliminated.[5] Furthermore, based on the court's additional holding that "when a court strikes down a statute as unconstitutional, and the offending statute replaced an existing law that had been repealed in the same bill that enacted the offending statute, the repeal is also invalid * * *," the trial court determined that the prior version of R.C. 2945.38 (without the S.B. No. 285 amendments) was applicable on remand.[6] The trial court was then directed on remand to find whether, with treatment, there was a substantial probability that the defendant could be restored to competency within the one-year period.
The state argues that Sullivan is not applicable to the present case because in this instance the trial court was not acting under R.C. 2945.38, but instead was proceeding under R.C. 2945.39. We find this argument unpersuasive. Similar to the defendant in Sullivan, Vaughn was adjudicated incompetent under R.C. 2945.38, as amended by S.B. No. 285. Under those circumstances, the trial court, as in Sullivan, never made a finding as to whether there was a substantial probability that Vaughn, if treated, could be restored to competency within the one-year period. The trial court here merely continued to order that Vaughn undergo treatment until the one-year period had expired. At the end of the one-year period, R.C. 2945.38(H)(3), as amended by S.B. No. 285, provided that if the trial court found that the defendant was still incompetent, then further proceedings regarding the defendant would be conducted pursuant to R.C. 2945.39, 2945.401 and 2945.402. Thus, the trial court only had the authority to conduct proceedings under R.C. 2945.39 after being directed there by the S.B. No. 285 amendments to R.C. 2945.38.
R.C. 2945.39, which was enacted by S.B. No. 285, provides that a trial court may move to retain jurisdiction over the defendant if it finds by clear and convincing evidence that the defendant has committed the underlying felony offenses and that the defendant is mentally ill and requires hospitalization.[7] As Vaughn does not challenge the constitutionality of R.C. 2945.39, we do not address that issue. Instead, we recognize that at the time Vaughn was adjudicated incompetent to stand trial, pursuant to R.C. 2945.38, that statute was unconstitutional. As the Sullivan court held that the prior version of R.C. 2945.38 was in effect on remand, it was as if R.C. 2945.38, as amended by S.B. No. 285, never existed. R.C. 2945.38, prior to the S.B. No. 285 amendments, did not direct the trial court to R.C. 2945.39, but instead required that the trial court dismiss the indictment against the incompetent defendant or file an affidavit in the probate court to initiate civil commitment proceedings.[8] As R.C. 2945.38 was unconstitutional at the time that Vaughn was determined to be incompetent, it was impossible for the trial court here to conduct proceedings under R.C. 2945.39, as it had no ability to get there. Accordingly, the trial court did not then have authority to retain jurisdiction over Vaughn pursuant R.C. 2945.39.
Because the trial court never made the additional finding of whether there was a substantial probability that Vaughn, if treated, could attain competency within one year, as required by Sullivan, we sustain Vaughn's assignment of error and remand this matter to the trial court for further proceedings consistent with the law and this Decision.
Judgment reversed and cause remanded.
Gorman, P.J., and Painter, J., concur.
[1] The parties and the trial court, in its decision denying Vaughn's motion to dismiss, stated that the trial court had found not only that Vaughn was incompetent, but also that he was non-restorable, i.e., unable to attain competency in the foreseeable future. After diligently searching the record, we conclude that the finding that Vaughn was non-restorable has not been journalized.
[2] See R.C. 2945.401(C) (requiring a review of the defendant's mental status).
[3] (2001), 90 Ohio St.3d 502, 739 N.E.2d 788.
[4] Id. at 504-505, 739 N.E.2d at 791-792.
[5] Id at 507, 739 N.E.2d at 793.
[6] Id. at 509, 739 N.E.2d at 794.
[7] See R.C. 2945.39(A)(2)
[8] We note that on November 21, 2001, the Ohio General Assembly amended R.C. 2945.38 so that it conformed to the Ohio Supreme Court's ruling in State v. Sullivan. Further, R.C. 2945.38 now provides that the trial court, after it has determined that there is not a substantial probability that the defendant, if treated, will regain competency to stand trial within one year, "shall discharge the defendant, unless upon motion of the prosecutor or on its own motion, the court either seeks to retain jurisdiction over the defendant pursuant to section 2945.39 of the Revised Code or files an affidavit in the probate court for the civil commitment of the defendant pursuant to chapter 5122 or 5123 of the Revised Code * * *." See R.C. 2945.38(B)(2).